IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALEXANDER ORA-A, IN HIS INDIVIDUAL CAPACITY AND AS MEMBER AND MANAGER OF INDEPENDENT HAWAII SURVEYORS, LLC,<br><br>           Plaintiff,<br><br>      vs.<br><br>AXIS INSURANCE COMPANY,<br><br>           Defendant. | CIV. NO. 20-00063 JAO-RT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR ORDER OF REMAND |

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT AND FINDINGS AND RECOMMENDATION
TO DENY PLAINTIFF'S REQUEST FOR ORDER OF REMAND

Plaintiff Alexander Ora-a, in his individual capacity and as member and manager of Independent Hawaiʻi Surveyors, LLC ("Plaintiff"), filed a Motion for Leave to File First Amended Complaint and for Order of Remand ("Motion") on April 29, 2020. ECF No. 27. The Motion came on for a telephonic hearing on June 10, 2020 at 9:30 a.m. before the Honorable Rom A. Trader. ECF No. 39. Attorneys Stanley H. Roehrig and Ted H.S. Hong appeared by telephone on behalf of Plaintiff. Attorneys J. Patrick Gallagher and Kyle Akio Muraoka appeared by telephone on behalf of Defendant Axis Insurance Company ("Defendant").

The Court, having considered all written materials submitted in support and opposition to the Motion, the records in this case, the arguments of counsel, and the applicable law, adopts the arguments and authorities relied upon by Defendant. The Court DENIES Plaintiff's Motion for Leave to File First Amended Complaint, and FINDS and RECOMMENDS that Plaintiff's request for order of remand be DENIED.

BACKGROUND

This is an action for declaratory relief initiated by Plaintiff on January 10, 2020 in the Circuit Court of the Third Circuit, State of Hawaii. ECF No. 1-1. The declaratory relief is based on a Design Professional Liability Policy of Insurance issued to The Members of the Independent Hawaii Surveyors, LLC ("IHS") by Defendant. Id. at ¶¶ 3 & 6-7. Plaintiff is one of the members of IHS. Id. at ¶ 2. In this action, Plaintiff seeks a finding that Plaintiff and IHS are entitled to a defense and coverage from Defendant for the underlying lawsuit filed in the Circuit Court of the Third Circuit, State of Hawaii, Civil No. 14-1-00265. Id. at ¶ 8. John D. Prebula ("Prebula") filed the complaint in the underlying lawsuit on July 16, 2014 asserting claims for partition and quiet title. ECF No. 33-2.

The underlying complaint alleges that IHS performed a geological assessment in 2011 of Prebula's property, which resulted in the discovery that the property was larger than indicated in prior records. ECF No. 33-2 at ¶¶ 2-3 & 20. Kiril Stanislaus Kuzma ("Kuzma") and Satya Anubhuti ("Anubhuti") are neighboring landowners and defendants in the underlying case. ECF No. 33-2 at ¶¶ 12-13. Kuzma and Anubhuti brought third-party complaints against Plaintiff Ora-a's company, IHS, and surveyor Neils Christensen.

2

ECF No. 33-3.  Plaintiff Ora'a alleges that Defendant Axis was an issuer of liability insurance for yearly coverage provided to IHS between 2015 and 2020.   ECF No. 1-1 at ¶ 3.

On February 7, 2020, Defendant filed a Notice of Removal of Civil Action to remove this action from the Third Circuit, State of Hawaii, to the United States District Court for the District of Hawaii based on diversity of citizenship.  ECF No. 1.

On February 10, 2020, Plaintiff filed its First Amended Complaint for Breach of the Covenant of Good Faith and Fair Dealing; for Unfair and Deceptive Trade Practices and for Declaratory Relief ("First Amended Complaint").  ECF No. 7.  In its First Amended Complaint, Plaintiff added Prebula, Kuzma, and Anubhuti as defendants (collectively "Proposed Defendants").  Id.  On February 28, 2020, Plaintiff filed a Motion for an Order of Remand ("Motion for Remand"), arguing that the Proposed Defendants were necessary parties and that the addition of these Proposed Defendants would destroy diversity jurisdiction and removal jurisdiction.  ECF No. 10 at p. 2.  On March 9, 2020, Defendant filed a Motion to Sever Plaintiff's Claims Against Defendants Prebula, Stanislaus, and Anubhuti ("Motion to Sever").  ECF No. 15.

On April 1, 2020, the district court denied Plaintiff's Motion for Remand for failure to comply with LR7.8 and ordered that the First Amended Complaint be stricken. ECF No. 21.  The district court also found that because Plaintiff added parties that destroyed diversity jurisdiction, Plaintiff was required to file a motion for leave to amend pursuant to 28 U.S.C. § 1447(e).  Id.  The First Amended Complaint was stricken because Plaintiff failed to obtain leave of court prior to filing the First Amended Complaint.  Id.

On April 2, 2020, this Court found that because the First Amended Complaint was stricken, the Proposed Defendants were not parties to this litigation.  ECF No. 24.  As a result, this Court found that the Motion to Sever was moot, terminated the Motion, and vacated the hearing.  Id.

On April 29, 2020, Plaintiff filed the present Motion.[1]  ECF No. 27.  On May 1, 2020, Plaintiff filed an Errata to the Motion.  ECF No. 29.  On May 20, 2020, Defendant filed a Memorandum in Opposition to Plaintiff's Motion.  ECF No. 33.  On May 27, 2020, Plaintiff filed its Reply Memorandum in Support of its Motion.  ECF No. 35.

## DISCUSSION

I.  Plaintiff's Request for Leave to Amend Complaint to Add Prebula, Kuzma, and Anubhuti is DENIED.

When a party seeks leave to add a defendant after removal that would destroy complete diversity, 28 U.S.C. § 1447(e) applies.  A plaintiff seeking to add a nondiverse party after removal may not amend its complaint as a matter of right under Fed. R. Civ. P. 15(a).  See Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc., 916 F. Supp. 1024, 1026 (D. Nev. 1996) ("Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action."); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999) (holding that diversity-destroying amendment must be scrutinized under Section 1447(e)).  Under 28 U.S.C. § 1447(e):

---

[1] In its Motion, Plaintiff alleges that defense counsel violated the Code of Professional Responsibility.  Plaintiff states that Defendant's attorney should withdraw as counsel.  However, Plaintiff does not seek such relief in its Motion and fails to cite any authority in support of its allegations.  Accordingly, the Court need only rule on the discreet issues before it: Plaintiff's request for (1) leave to amend complaint and (2) an order of recusal.

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Id. "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

In deciding to allow the joinder of a non-diverse defendant under § 1447(e), the Courts looks to the following factors:

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Ansagay v. Dow Agrosciences LLC, Civ. No. 15-00184 SOM-RLP, 2015 WL 9412856, at *3 (D. Haw. Dec. 3, 2015), report and recommendation adopted, Civ. No. 15-00184 SOM-RLP, 2015 WL 9412112 (D. Haw. Dec. 22, 2015) (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000); Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C. D. Cal. 2002).

      A.     The Proposed Defendants are Not Indispensable Parties

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Boon, 229 F. Supp. 2d at 1022 (citations omitted). "However, '[a]lthough courts consider whether a party would meet [the Rule 19] standard for a necessary party,

5

amendment under § 1147(e) is a less restrictive standard than for joinder under [Rule 19].'" Id. (citing IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011-12 (N. D. Cal. 2000)). "'The standard is met when failure to join will lead to separate and redundant actions,' but it is not met when 'defendants are only tangentially related to the cause of action or would not prevent complete relief.'" Id. (citing IBC Aviation Services, Inc., 125 F. Supp. 2d at 1012).

Plaintiff states that the Proposed Defendants are indispensable parties, but Plaintiff only offers conclusory arguments in support. ECF No. 27 at pp. 23-24. "[W]hen the insured institutes an action against its insurer for declaratory judgment arguing that the insurer is obligated to [ ] them[,] the insured's position protects the interest of the absent [injured] party because both parties want the policy to be viable." CFI of Wis., Inc. v. Hartford Fire Ins. Co., 230 F.R.D. 552, 554 (W.D. Wis. 2005) (citation omitted). Here, failure to join the Proposed Defendants will not lead to separate or redundant litigation. Plaintiff, in this declaratory action, seeks a determination that IHS is entitled to coverage from Defendant as its insurer. First, the Proposed Defendants may be involved in the underlying lawsuit, but are not crucial parties to the present action, which is about the relationship of the insured and the insurer and is regarding the insurer's coverage of IHS. Second, as Defendant aptly argues, Plaintiff's interest in seeking the determination of coverage adequately protects the Proposed Defendant's interests, if any. As such, the Proposed Defendants are not indispensable parties. This factor does not support allowing the amendment.

In addition, it makes little sense that Plaintiff seeks to join the Proposed Defendants as defendants to this declaratory action when their interests would be aligned with Plaintiff's interests. The proposed First Amended Complaint seeks a breach of the covenant of good faith and fair dealing, unfair and deceptive trade practice, and declaratory judgment, none of which are applicable to the Proposed Defendants as defendants in this litigation. As Defendant aptly points out, if the Proposed Defendants are joined in this suit, they should be joined as plaintiffs and not as Defendants. However, the Court declines to realign the parties in order to allow joinder as the Proposed Defendants do not fall within the scope of Rule 19(a).

B.  Statute of Limitations

Plaintiff does not argue that a new action against Defendant would be time-barred. Thus, this factor does not weigh in favor of allowing the amendment. See Clinco, 41 F. Supp. 2d at 1083.

C.  Timeliness of the Amendment

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083 (citing Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983)). Plaintiff filed the Complaint in this action in the Third Circuit, State of Hawaii, on January 10, 2020. ECF No. 1-1. Defendant removed this action to the district court on February 7, 2020. ECF No. 1. The deadline to amend the pleadings and bring motions to join additional parties is November 6, 2020. ECF No. 17 at ¶ 5. Plaintiff filed its Motion on April 29, 2020, which is approximately three months after removal. ECF No. 27. The

Court finds that Plaintiff did not unreasonably delay in filing the instant Motion. Accordingly, this factor weighs in favor of permitting the joinder.

### D. Motive for Joinder

"'[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint.'" Clinco, 41 F. Supp. 2d at 1083 (citing Desert Empire Bank v. Ins. Co. of N. America, 623 F.2d 1371, 1376 (9th Cir. 1980)).  Thus, "'a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court.'" Id.  In this case, Plaintiff seeks to add the Proposed Defendants as parties, but fails to assert any valid claims against them.  Accordingly, this factor does not favor permitting the joinder.

### E. Strength of Claims Against the Proposed Defendants

As stated previously, Plaintiff does not state any valid claims against the Proposed Defendants.  See supra Part I.D.  Thus, this factor does not support allowing the amendment.

### F. Prejudice to Plaintiff if Joinder is Denied

` Again, Plaintiff's proposed First Amended Complaint essentially names the Proposed Defendants but does not allege any causes of action against them.  In addition, the Court does not find that there is anything about the denial of the joinder that would prejudice any future state court action.  Accordingly, Plaintiff will not suffer undue prejudice if the Court elects not to exercise its discretion to allow joinder of the Proposed

8

Defendants because there are no valid claims against them. This factor does not weigh in favor of allowing the amendment.

G. <u>Weighing All Factors</u>

Five (5) out of the six (6) factors weigh against permitting the joinder of the nondiverse parties. Thus, the Court DENIES Plaintiff's request for leave to add the Proposed Defendants.

II. <u>The Court Finds and Recommends that Plaintiff's Request for Order of Remand be DENIED.</u>

Plaintiff requests an order of remand based on two reasons: (1) if allowed, the proposed First Amended Complaint joins nondiverse parties which would destroy diversity jurisdiction; and (2) Defendant's removal was defective. First, because the Court has determined that Plaintiff's request for leave to add amend the Complaint should be denied, the Court need not reach the issue of removal based on the addition of the nondiverse parties.

Second, Plaintiff argues that removal was defective because Defendant failed to attach "a copy of all process, pleadings, and orders served upon such defendant" under 28 U.S.C. § 1446(a). Plaintiff claims that Defendant's failure to include the affidavit of service of the summons and complaint with the Notice of Removal was a procedural defect. Plaintiff alleges that Defendant failed to cure this procedural defect in a timely manner and thus, remand is mandated. In support, Plaintiff cites <u>Benson v. Providence Health & Services</u>, Case No. C09-1560JLR, 2010 WL 11527101, at *1 (W.D. Wash. Feb. 12, 2010) and <u>Countrywide Home Loans, Inc. v. Church of Hawaii NEI</u>, Civ. No. 06-

9

00250 JMS-LEK, 2006 WL 2338211, at *1 (D. Haw. Aug. 9, 2006). Neither case supports Plaintiff's arguments and are inapplicable to this lawsuit.

In Benson, a procedural defect resulted in remand because the Local Rules of the United States District Court for the Western District of Washington CR 101(b) applied. Benson, 2010 WL 11527101, at *2. The W. D. Wash. CR 101(b) states that "the party seeking to remove the action shall, within fourteen days of filing his notice of removal, file with the clerk of this court black-on-white copies of all additional records and proceedings in the state court . . . " Id. (internal quotations omitted). The Washington Local Rules are not applicable in this case. Moreover, there is no provision similar to W.D. Wash. CR 101(b) in the Local Rules of Practice for the United States District Court for the District of Hawaii such that remand based on a procedural defect would be required.

The holding in Countrywide is also inapplicable to this case. Plaintiff mischaracterizes the holding in Countrywide. Remand was appropriate in Countrywide because the Notice of Removal was untimely and the defendant in that case failed to obtain the consent of the other defendants. The court remanded the case not because the Notice of Removal was missing required documents as Plaintiff argues. Countrywide, 2006 WL 2338211 at *3-5.

As such, the Court finds Plaintiff's arguments for remand unpersuasive and FINDS and RECOMMENDS that Plaintiff's request to remand be DENIED.

//

//

CONCLUSION

The Court exercises its discretion under 28 U.S.C. § 1447(e) and finds that the joinder of the nondiverse parties should not be permitted.  Accordingly, the Court DENIES Plaintiff's Motion for Leave to File First Amended Complaint.

The Court further FINDS AND RECOMMENDS that Plaintiff's request for an order of remand be DENIED.

IT IS SO ORDERED as to Plaintiff's request for leave to file the First Amended Complaint.

IT IS SO FOUND AND RECOMMENDED as to Plaintiff's request for an order of remand.

DATED:  Honolulu, Hawaii, July 31, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____
Civ. No. 20-00063 JAO-RT; *Ora-a, et al. v. Axis Insurance Company*; Order Denying Plaintiff's Motion for Leave to File First Amended Complaint and Findings and Recommendation to Deny Plaintiff's Request for Order of Remand